**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

MAR 1 2016

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HASIM MOHAMED CASSIM; AFROZE AHMED SYED, <br><br> Petitioners, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 13-73791 <br><br> Agency Nos.   A097-103-423 <br>                    A072-404-423 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 24, 2016[**]

Before:    LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Hasim Mohamed Cassim, a native and citizen of Sri Lanka, and Afroze

Ahmed Syed, a native and citizen of India, petition for review of the Board of

Immigration Appeals' ("BIA") order dismissing their appeal from an immigration

judge's decision denying their application for asylum, withholding of removal, and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, including adverse credibility findings. *Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on Mohamed Cassim's omission from his asylum application of his 1992 arrest and torture by police, as well as the affirmative misrepresentations he made in his asylum application. *See id*. at 973-74 (omissions from petitioner's application supported adverse credibility determination); *Singh v. Holder*, 643 F.3d 1178, 1181 (9th Cir. 2011) ("An asylum applicant who lies to immigration authorities casts doubt on his credibility and the rest of his story."). Mohamed Cassim's explanations do not compel a contrary result. *See Zamanov*, 649 F.3d at 974. Thus, we deny the petition as to asylum and withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Mohamed Cassim does not challenge the BIA's conclusion that he did not meaningfully contest the denial of CAT protection.

**PETITION FOR REVIEW DENIED**.